FILED

APR 27 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN F. SHERER, | No. 09-35934 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01635-RSM |
| v. | |
| STEPHEN SINCLAIR, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted April 9, 2012
Seattle, Washington

Before:    HUG, TASHIMA, and CALLAHAN, Circuit Judges.

Petitioner-Appellant Steven Sherer appeals the district court's denial of his

28 U.S.C. § 2254 habeas corpus petition challenging his jury conviction of first

degree murder.  He contends that there was insufficient evidence to convict him,

his trial counsel's performance fell below the level required under *Strickland v.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*Washington*, 466 U.S. 668 (1984), and the government suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[1]  The facts underlying this appeal are known to the parties and need not be repeated here.  We have jurisdiction under 28 U.S.C. § 2253, and we affirm the district court's denial of the petition.

Contrary to Sherer's contention, the record reflects that the state courts' decisions rejecting Sherer's sufficiency of the evidence and ineffective assistance of counsel claims were not contrary to, or an unreasonable application of, clearly established Federal law.  *See* 28 U.S.C. § 2254(d)(1); *Boyer v. Belleque*, 659 F.3d 957, 964-65 (9th Cir. 2011); *Harrington v. Richter*, –– U.S. ––––, 131 S. Ct. 770, 788 (2011).  Nor were those decisions based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  *See* 28 U.S.C. § 2254(d)(2).

Sherer's *Brady* claim fails as well.  Even assuming arguendo that de novo review applies, given the strength of the evidence against petitioner versus the

---

[1]  Sherer raises an uncertified issue in his opening brief.  We construe Sherer's additional arguments as a motion to expand the certificate of appealability.  So construed, the motion is denied.  *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

relative weakness of the dog tracking evidence, petitioner has not demonstrated a reasonable probability that disclosure of the allegedly suppressed dog tracking report would have produced a different result. *See Strickler v. Greene*, 527 U.S. 263, 281-82, 289 (1999).

**AFFIRMED**.